IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
CHATTANOOGA DIVISION

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff | ) |
| v. | ) Civ. Action No. 1:10-cv-232<br>) CLC/Lee |
| VALLEY CAPITAL CORPORATION | ) |
| Defendant | ) |

## CONSENT ORDER

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED:**

1. Pursuant to the provisions of 15 U.S.C. § 687c, and based upon the consent of all parties, this Court shall take exclusive jurisdiction of Valley Capital Corporation ("Valley") and all of its assets and property, of whatever kind and wherever located, and the United States Small Business Administration ("SBA") is hereby appointed Receiver ("Receiver") of Valley to serve without bond until further order of this Court. The Receiver is appointed for the purpose of marshaling and liquidating in an orderly manner all of Valley's assets and satisfying the claims of creditors therefrom in the order of priority as determined by this Court.

2. The Receiver shall have all powers, authorities, rights and privileges heretofore possessed by the officers, directors, trustees, managers, investment advisors, and other agents of Valley under applicable state and federal law, by the Corporate Charter, By-Laws, and all other governing corporate documents, in addition to all powers and authority of a receiver at equity, and all powers and authority conferred upon the

01435_00/0501/JAY-981340_2

Case 1:10-cv-00232   Document 5   Filed 09/08/10   Page 1 of 6

Receiver by the provisions of 15 U.S.C. § 687c and 28 U.S.C. § 754. The current officers, directors, trustees, employees, managers, and agents of Valley are hereby dismissed. Such persons shall have no authority with respect to Valley's operations or assets, except to the extent as may hereafter be expressly granted by the Receiver. The Receiver shall assume and control the operation of Valley and shall preserve all of its claims.

3. The past and/or present officers, directors, agents, managers, trustees, attorneys, accountants, and employees of Valley, as well as all those acting in their place, are hereby ordered and directed to turn over to the Receiver forthwith all books, records, documents, accounts and all other instruments and papers of and relating to Valley and its assets and all other assets and property of the corporation, whether real or personal. A duly authorized representative of Valley, shall furnish a written statement within five (5) days after the entry of this Order, listing the identity, location and estimated value of all assets of Valley as well as the names, addresses and amounts of claims of all known creditors of Valley. All persons having control, custody or possession of any assets or property of Valley are hereby directed to turn such assets and property over to the Receiver.

4. The Receiver shall promptly give notice of its appointment to all known officers, directors, employees, partners, trustees, managers, investment advisors, agents, shareholders, creditors and debtors of Valley, as the Receiver deems necessary or advisable to effectuate the operation of the receivership. All persons and entities owing any obligations or debts to Valley shall, until further ordered by this Court, pay all such

obligations in accordance with the terms thereof to the Receiver and its receipt for such payments shall have the same force and effect as if Valley received such payments.

5. The Receiver is hereby authorized to open such Receiver's accounts at banking or other financial institutions to extend credit on behalf of Valley, to utilize SBA personnel, and to employ such other personnel as it may deem necessary to effectuate the operation of the receivership including, but not limited to, attorneys, accountants, and appraisers, and is further authorized to expend receivership funds to compensate such personnel in such amounts and upon such terms as the Receiver shall deem reasonable in light of the usual fees and billing practices and procedures of such personnel. The Receiver is not required to obtain Court approval prior to the disbursement of receivership funds for payments to personnel employed by the Receiver or for expenses that the Receiver deems advantageous to the orderly administration and operation of the receivership. In addition, the Receiver is authorized to reimburse the SBA for travel expenses incurred by SBA personnel in the establishment and administration of the receivership. The Receiver may, without further order of this Court, transfer, compromise, or otherwise dispose of any asset (including without limitation any claim), other than real estate.

6. Valley's past and/or present officers, directors, employees, partners, trustees, managers, investment advisors, agents, shareholders, creditors and debtors, and other appropriate persons (including without limitation, Valley's portfolio of small business concerns and financial institutions doing business with Valley and/or Valley's portfolio of small business concerns) shall answer under oath to the Receiver all questions which the Receiver may put to them in compliance with the Federal Rules of

Civil Procedure, and pursuant thereto shall produce any documents as required by the Receiver regarding the business of Valley, or any other matter relevant to the operation or administration of the receivership or the collection of funds due to Valley. In the event that the Receiver deems it necessary to require the appearance of the aforementioned persons, the production of documents, information, or any other discovery concerning the assets, property, or business operations of Valley, or any other matter relevant to the operation or administration of the receivership or the collection of funds due to Valley, the Receiver shall make its discovery request(s) in compliance with receivership law or with the Federal Rules of Civil Procedure.

7. The parties or prospective parties to any and all civil legal proceedings wherever located, including, but not limited to arbitration proceedings, bankruptcy or foreclosure actions, default proceedings, or any other actions of any nature involving the Receiver for Valley, or any assets of Valley, including subsidiaries and partnerships, wherever located, and excluding the instant proceeding, or involving any of Valley's managers, management companies, officers, directors, agents, or shareholders sued for, or in connection with, any action taken by them while acting in such capacity, whether sued as plaintiff, defendant, third-party plaintiff, third-party defendant, or otherwise, are enjoined from commencing or continuing any such legal proceeding or from taking any action in connection with any such proceeding or asset.

8. All civil legal proceedings of any nature, including but not limited to bankruptcy proceedings, arbitration proceedings, foreclosure actions, default proceedings, or other action of any nature involving the Receiver for Valley, or any assets of Valley, including subsidiaries and partnerships, wherever located, and excluding the instant

proceeding, or any of Valley's past or present managers, management companies, officers, directors, or agents, sued for, or in connection with, any action taken by them while acting in such capacity, whether as plaintiff, defendant, third-party plaintiff, third-party defendant, or otherwise, are stayed in their entirety, and all Courts having any jurisdiction thereof are enjoined from taking or permitting any action until further Order of this Court.

9. Further, as to a cause of action accrued or accruing in favor of Valley against a third party, any applicable statute of limitation is tolled during the period in which this injunction against commencement of legal proceedings is in effect as to that cause of action.

10. Valley and its past and/or present officers, directors, managers, agents, investment advisors, employees, and other persons acting in concert or participating therewith be, and they hereby are, enjoined from either directly or indirectly taking any actions or causing any such action to be taken which would dissipate the assets and/or property of Valley to the detriment of the Receiver appointed in this cause, including but not limited to destruction of corporate records, or which would violate the Small Business Investment Act of 1958, as amended, 15 U.S.C. § 661 et. seq., or the regulations promulgated thereunder, ("Regulations"), 13 C.F.R. § 107.1 et. seq. (1958).

11. The Receiver is authorized to borrow on behalf of Valley, from the SBA, up to $500,000.00 and is authorized to cause Valley to issue Receiver's Certificates of Indebtedness in the principal amounts of the sums borrowed, which certificates will bear interest at or about 10 percent per annum and will have a maturity date no later than 18 months after the date of issue. Said Receiver's Certificates of Indebtedness shall be deemed to be administrative expenses of the Receivership.

5
01435_00/0501/JAY-981340_2
Case 1:10-cv-00232   Document 5   Filed 09/08/10   Page 5 of 6

12. This Court determines and adjudicates that Valley is Capitally Impaired and therefore has violated the Act and the Regulations as alleged in the Complaint filed against Valley in the instant action. After the foregoing activities are completed, the Receiver may submit a report to this Court recommending that Valley's license be revoked.

**ACKNOWLEDGED AND AGREED TO BY VALLEY CAPITAL CORPORATION, AND THE SMALL BUSINESS ADMINISTRATION, THROUGH THEIR DULY AUTHORIZED REPRESENTATIVES:**

VALLEY CAPITAL CORPORATION

By: _____
Name: JOE W. GUTHRIE
Title: PRESIDENT


U.S. SMALL BUSINESS ADMINISTRATION

By: _____
Thomas G. Morris, Director
Office of SBIC Liquidation


/s/
CURTIS L. COLLIER
CHIEF, UNITED STATES DISTRICT JUDGE